United States District Court
for the
United States District of Maine

```
CASSANDRA ARIELLE PLUMMER,   )   COMPLAINT FOR DECLARATORY
                             )   JUDGMENT UNDER TITLE 28 U.S.C.
       Plaintiff             )   §§ 2201-2202 UNDER F.R.Civ.P.
                             )   RULE 57; PERMANENT &
       vs.                   )   PRELIMINARY CIVIL RIGHTS
                             )   INJUNCTION UNDER F.R.Civ.P.
1. JEFFREY BAROODY,          )   RULE 65; VIOLATION OF CIVIL
2. GEOFFREY A. RUSHLAU,      )   RIGHTS UNDER TITLE 42 U.S.C. §§
3. JUDGE PATRICIA WORTH,     )   1981, 1983, AND 1985(3); THE
4. CITY OF ROCKLAND          )   MAINE CIVIL RIGHTS ACT UNDER
                             )   M.R.S.A. TITLE 5 § 4682 &SHERMAN
   Four Defendants           )   AND MAINE ANTITRUST ACTS
                             )   WITH A JURY PLEASE
                             )   INJUNCTIVE RELIEF SOUGHT
                                 UNDER MAINE FEDERAL LOCAL RULE 9(b)
```

1. COMES NOW, the Plaintiff Cassandra Arielle Plummer pro se of 24 James Street, Rockland, ME 04841 who is respectfully complaining against the four Defendants, Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland in both their official and individual capacities under color of state law, alleges:

2. There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

PARTIES

3. The Plaintiff, Cassandra Arielle Plummer, is a citizen of the United States from the city of Rockland 04841 at 24 James Street in the County of Knox in the State of Maine.

4. The Defendant, Jeffrey Baroody, is an assistant district attorney of the Office of the Knox County District Attorney in Rockland, Maine 04841 at 62 Union Street, Rockland, ME 04841.

5. The Defendant, Geoffrey A. Rushlau, is the District Attorney of Waldo and Knox Counties of the State of Maine at 62 Union Street, Rockland, ME 04841.

6. The Defendant, Judge Patricia Worth, is a district court judge of the State of Maine at 62 Union Street, Rockland, ME 04841.

7. The Defendant, City of Rockland, is a local governmental entity in Rockland, Maine 04841 at

270 Pleasant Street, Rockland, Maine 04841.

## STATEMENT OF JURISDICTION

8. This action arises from each of the Defendants' interferences, deprivations, and infringements under color of state law with the Plaintiff's free exercise and enjoyment of rights, entitlements, and privileges secured under the Constitutional and Civil Rights Laws of the United States, Laws of Equity, and the Laws of the State of Maine, that are secured by Article 1 §§ 4, 5, 6-A, 9, 15, 19, and 24 of the Constitution of the State of Maine and the 1st, 4th, 5th, 7th, 8th, 9th, and 14th Amendments of the United States Constitution through the Supremacy Clause of Article VI § 2 of the United States Constitution. The Plaintiff brings this Complaint under the Declaratory Judgment Act under Title 28 U.S.C. §§ 2201-2202; Title 42 USC § 1981, the Civil Rights Act of 1871 under Title 42 U.S.C. § 1983, Title 42 U.S.C. § 1985(3), and M.R.S.A. Title 5 § 4682. Plaintiff also alleges violations of MRSA Title 10 §§ 1101 & 1104 and Title 15 USC §§ 1 and 15 of the Sherman Antitrust Act.

9. This Court has jurisdiction pursuant to Article III § 2 of the United States Constitution.

10. This Court also has jurisdiction pursuant to the following statutes:

   a. Title 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and
   b. Title 28 U.S.C. § 1343(a)(3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government.
   c. Title 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state constitutional law claims and state antitrust violations.

11. Additionally, this Court has jurisdiction and venue pursuant to the rights of the Plaintiff under Article 1 § 19 of the Constitution of the State of Maine and the 1st Amendment right of access to the federal courts as applicable through the due process clause of the 14th Amendment of the United States Constitution and Article VI § 2 of the United States Constitution.

## STATEMENT OF VENUE

12. Pursuant to Maine Federal Local Rule 3(b), venue is appropriate in this judicial district under Title 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this matter occurred in Knox County, which is in this judicial district of Portland.

## DEMAND FOR A JURY TRIAL

13. Pursuant to F.R.Civ.P. Rule 38 and the 7th Amendment of the United States Constitution, the Plaintiff respectfully demands a civil jury trial.

## Statement of Facts

14.     The Plaintiff claims that each of the four Defendants has conspired against the Plaintiff.

The Plaintiff, Cassandra Arielle Plummer, claims that she has never been the victim of domestic violence assault against Theodore Berry of Rockland, Maine.

15. During the spring of 2015, Theodore Berry would often remind the Plaintiff, Cassandra Arielle Plummer, of a cherished professional value that Maine Law Court Justice Ellen Gorman had taught Theodore Berry, which was the value to not be over-litigious. During April of 2015, Theodore Berry would even quote former U.S. President Abraham Lincoln who once said, "Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often the real loser – in fees, expenses, and waste of time." For months, Plaintiff has made diligent efforts and beseeched the Defendants Jeffrey Baroody, Geoffrey A. Rushlau, and City of Rockland to stop frivolously prosecuting Theodore Berry.

16. Plaintiff feels ignored and does not feel heard by the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland, which Plaintiff claims is a significant breach of the integrity of the judiciary committed by Jeffrey Baroody, Geoffrey A. Rushlau, the City of Rockland, Judge Patricia Worth under Canons 1, 2, and 3 of the Maine Code of Judicial Conduct, and by City of Rockland Attorney Kevin Beal under MRSA Title 4 § 408 (2015). The Plaintiff, Cassandra Arielle Plummer, claims that she has never been the victim of domestic violence assault against Theodore Berry of Rockland, Maine.

17. In exercise of the right of access to the federal court, the Plaintiff, Cassandra Arielle Plummer, has filed this federal complaint seeking a declaratory judgment, a redress of grievances and constitutional transgressions, and a federal civil rights injunction to immediately, preliminarily, and permanently remove all additional bail conditions concerning the Plaintiff from any and all of the State of Maine's bail contracts with Theodore Berry as unconstitutional as applied to this specific case as well as to exonerate Theodore Berry.

18. The Plaintiff claims that Plaintiff's mother, Tina Marie Plummer has had an improper, unethical, unconstitutional, and unprofessional affiliation with City of Rockland's Officer William Smith for over 10 years, and there is an extensive paper trail to prove this. City of Rockland's Officer William Smith was sued in the case of *Steeves v. City of Rockland*, 600 F. Supp. 2d 143 (D. Me. 2009). City of Rockland's Officer William Smith arrested David S. Miller Sr. for domestic violence assault, which was dismissed. City of Rockland's Officer William Smith arrested the Plaintiff's sister Athena Plummer. Is there a connection between City of Rockland's Officer William Smith and the frivolous drug raids that have occurred on Otis Street,

Rockland, Maine 04841? Is there a connection between City of Rockland's Officer William Smith and 30 Crescent Street, Rockland, Maine 04841? Plaintiff questions whether City of Rockland's Officer William Smith was prejudicial towards Theodore Berry.

19. On Sunday May 10, 2015, Theodore Berry was physically restrained in handcuffs and falsely arrested by City of Rockland Police Officer Michael Freyer for domestic violence assault against the Plaintiff in Rockland, Maine. This was the first time that Theodore Berry had ever been arrested. Plaintiff claims that the City of Rockland engaged in an illegal exercise of mandatory arrest authority, citing MRSA Title 15 § 1026(4)(B)(2015). Following being handcuffed, Plaintiff heard Theodore Berry ask Rockland Officer Michael Freyer for a writ of habeas corpus, and the Plaintiff believes that City of Rockland Police Officer Michael Freyer illegally failed to provide Theodore Berry a writ of habeas corpus.

20. Plaintiff claims that any statements, made by the Plaintiff during May 10, 2015 during a 911 phone call, were spoken by the Plaintiff with the motive to prevent a man named Kelly R. Sweet, of Warren, Maine from being arrested by the Rockland Police Department, which Plaintiff feared would happen.

21. Plaintiff claims that the Defendants Jeffrey Baroody and Geoffrey A. Rushlau have selectively prosecuted Theodore Berry based on the gender, race, and color of the Plaintiff and based on the race, ethnicity, and color of Theodore Berry by failing to criminally prosecute Rockland Police Officer Michael Freyer for official oppression, false arrest, unlawful racial discrimination, racial profiling, and denial of habeas corpus under MRSA Title 17 § 2931, Title 28 USC § 2241, and MRSA Title 17-A § 608.

22. On Monday May 11, 2015, Theodore Berry engaged into a bail bond contract of adhesion at 02:35 am with Knox County Bail Commissioner George Bridges.

23. Plaintiff makes as applied constitutional challenges to all State of Maine additional bail conditions of Theodore Berry including the bail conditions 1) prohibiting direct or indirect contact of Theodore Berry with the Plaintiff Cassandra Arielle Plummer, 2) prohibiting entry of Theodore Berry into any place of residence of the Plaintiff Cassandra Arielle Plummer; 3) prohibiting the entry of Theodore Berry into any place of employment of the Plaintiff Cassandra Arielle Plummer; 4) prohibiting the entry of Theodore Berry into any place of education of the Plaintiff Cassandra Arielle Plummer.

24. Later in May, Plaintiff believes that City of Rockland Sgt. Don Finnegan committed

crimes against not only Theodore Berry, but also the Plaintiff by officially oppressing the Plaintiff and unlawfully disseminating investigative information regarding the Plaintiff to Bangor Daily News Reporter Stephen Betts, in violation of the Plaintiff's 9th Amendment right to be free from invasions of privacy by disclosure, intrusion, and false light, which is clearly established under MRSA Title 16 §§ 801-809, and a potential criminal violation of MRSA Title 17-A § 608, MRSA Title 17 § 2931, and Title 18 USC § 242.

25. Later in May, the Plaintiff submitted a written addendum to the City of Rockland's police department and Jeffrey Baroody. After Plaintiff submitted the addendum to the Knox County District Attorney's Office and the City of Rockland's police department, Lynn Talbot of New Hope for Women called the Plaintiff in to talk, then Lynn Talbot held the addendum that Plaintiff submitted up in the Plaintiff's face and asked the Plaintiff "When did Ted write this for you?" Plaintiff explained that Plaintiff wrote the addendum and Lynn Talbot said the addendum looked like "Ted's writing." Plaintiff claims that Lynn Talbot wouldn't listen to the Plaintiff at all. Lynn Talbot showed Plaintiff the folder with the case and pointed out how thick it was. Lynn Talbot then said that she (i.e. Lynn Talbot) just had to laugh at Theodore Berry because most cases like this are much smaller. Plaintiff was offended that Lynn Talbot wouldn't listen to the Plaintiff. Then, with a callous indifference of ascertaining the truth, Lynn Talbot ridiculed, demeaned, and made fun of Theodore Berry.

26. Plaintiff called the Knox County District Attorney's Office where Plaintiff asked if Plaintiff could speak to the Distinct Attorney Geoffrey Rushlau once, and another time, Plaintiff called and asked for Defendant Jeffrey Baroody. Both times the clerks wrongfully redirected Plaintiff to Lynn Talbot. Plaintiff was denied the 1st Amendment freedom to speak to the prosecutors to explain what happened. Plaintiff does not feel heard by the four Defendants. Plaintiff claims that Lynn Talbot has committed misconduct against the Plaintiff by demeaning the Plaintiff and failing to treat the Plaintiff with human dignity.

27. Plaintiff alleges that the City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, Jeffrey Baroody, and Lynn Talbot of New Hope for Women have portrayed the Plaintiff in a false light as a victim of domestic violence against Theodore Berry where Plaintiff claims that Plaintiff has never been the victim of domestic violence against Theodore Berry.

28. On June 3, 2015 at the request of ADA Jeffrey Baroody, Judge Patricia Worth illegally denied Theodore Berry's abridged 22-page motion to amend bail under Title 42 USC § 1981 of

the Civil Rights Act of 1991. Plaintiff claims that Judge Patricia Worth's denial of Theodore Berry's motion to amend bail is a violation of the right to be free from excessive bail, a violation of commerce, a violation of the freedom to assemble peacefully, and a violation of Canons 1, 2, and 3 of the Maine Code of Judicial Conduct. City of Rockland's Police Chief Boucher and Rockland City Attorney Kevin Beal observed this motion proceeding in the back of the courtroom, so the City of Rockland is blatantly aware of this. The Plaintiff claims that all of the State of Maine's additional bail conditions of Theodore Berry violate the Plaintiff's constitutional rights.

29. At Theodore Berry's June 3, 2015 hearing, Jeffrey Baroody made public information that Plaintiff had not given to the police.

30. On June 3, 2015, over the 9th Amendment right to privacy objection of Theodore Berry concerning the privacy rights of Cassandra Arielle Plummer, Judge Patricia Worth and Jeffrey Baroody conspired to intrusively invade the 9th Amendment privacy of the Plaintiff by publicizing and disclosing to the Bangor Daily News, without any substantiated evidence, about who Jeffrey Baroody thought the Plaintiff was engaging in sexual intercourse. The Plaintiff feels offended by Jeffrey Baroody. Plaintiff claims that such conduct by Judge Patricia Worth is a violation of Canons 1, 2, and 3 of the Maine Code of Judicial Conduct.

31. On or about August 22, 2015, Belfast Police Officer Dean Jackson illegally stopped the Plaintiff's motor vehicle in Belfast in violation of the Plaintiff's procedural due process rights for the mere purpose of checking the Plaintiff's driver's license and physically restrained in handcuffs and arrested Theodore Berry, against the Plaintiff's wishes, for allegedly violating the conditions of Theodore Berry's release. Theodore Berry was taken to the Waldo County Jail. Theodore Berry was transported to the Two Bridges Regional Jail. On August 24, 2015, Theodore Berry was released on unconscionable, commercially impracticable, oppressive, and excessive bail.

32. Plaintiff claims that the Defendants Jeffrey Baroody and Geoffrey A. Rushlau have selectively prosecuted Theodore Berry based on the gender, race, and color of the Plaintiff and based on the race, ethnicity, and color of Theodore Berry by failing to criminally prosecute Belfast Police Officer Dean Jackson for official oppression and illegally stopping the Plaintiff's motor vehicle in Belfast on or about August 22, 2015 in violation of the Plaintiff's procedural due process rights for the mere purpose of checking the Plaintiff's driver's license under MRSA

Title 17 § 2931 and MRSA Title 17-A § 608. If the Plaintiff Cassandra Arielle Plummer, as the driver, had committed any traffic offense, what traffic offense has Officer Dean Jackson selectively decided to not enforce against the Plaintiff? The Plaintiff claims that Officer Dean Jackson has unlawfully discriminated against Theodore Berry based on race, gender, and ethnicity and selectively enforced the laws against Theodore Berry and not against the Plaintiff Cassandra Arielle Plummer based on the genders, races, ethnicities, and colors of the Plaintiff and Theodore Berry, which Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody have failed to address.

33. The City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody have each deprived the Plaintiff of the right to assemble peacefully and speak to Theodore Berry; deprived the Plaintiff of the right to be treated fairly based on the gender, race, and ethnicity of the Plaintiff; deprived the Plaintiff of the right to invite and bring Theodore Berry 1) to the Plaintiff's workplace to have lunch with the Plaintiff, 2) to Plaintiff's place of education to academically tutor the Plaintiff; and 3) to any place of residence of the Plaintiff; and deprived the Plaintiff of the right to feel respected by the legal system when the Plaintiff feels demeaned by the government and Jeffrey Baroody.

34. The Plaintiff works at the Good Tern Natural Foods Co-Op in Rockland, Maine where goods of commerce are sold under Title 11 of the United States Code and Article 2 of the Uniform Commercial Code under MRSA Title 11, citing MRSA Title 11 § 2-105. Plaintiff claims against the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and the City of Rockland that the State of Maine's additional bail conditions prohibiting the entry of Theodore Berry into the Good Tern Co-op workplace of the Plaintiff and place of education of the Plaintiff constitutes engaging in a pre-conviction bail contract of adhesion in restraint of part of trade or commerce, which must be deemed null and void because it is an antitrust violation of MRSA Title 10 §§ 1101 & 1104 of the Maine Antitrust Act and the Sherman Antitrust Act under Title 15 U.S.C. §§ 1 & 15 and the Commerce Clause of the U.S. Constitution where Theodore Berry is prohibited from buying goods at the Good Tern Co-op and taking classes at UROCK as a result of the constitutional transgressions of each of the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and the City of Rockland's false light portrayal of the Plaintiff as a victim of domestic violence against Theodore Berry where Plaintiff claims that Plaintiff has never been the victim of domestic

Case 2:15-cv-00398-NT Document 1 Filed 10/01/15 Page 8 of 19 PageID #: 8

Page 8

violence against Theodore Berry. Plaintiff claims that a substantial amount of the food sold at Good Tern travels through interstate commerce. Plaintiff claims that Judge Patricia Worth did not have subject matter jurisdiction to rule on state or federal antitrust issues in Theodore Berry's motion to amend bail on June 3, 2015, which is a breach of Canon 3 of the Maine Code of Judicial Conduct.

35. The City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody have each wrongfully impinged upon the Plaintiff's free will and autonomy. Plaintiff has suffered irreparable harm by the City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody where Plaintiff has lost five months of invaluable time that could have been spent with Theodore Berry that can't be undone. Plaintiff does not fear Theodore Berry. During the spring of 2015, Theodore Berry intellectually empowered the Plaintiff by inspiring the Plaintiff to continue her education, by tutoring and reading college books to the Plaintiff, and even by providing the Plaintiff with a tour of the U.S. District Court of the District of Maine in Portland, Maine. Plaintiff has nightmares about future corrupt practices of the City of Rockland, Judge Patricia Worth, and Jeffrey Baroody. Plaintiff has nightmares that the City of Rockland will falsely arrest Theodore Berry again groundlessly, frivolously, maliciously, oppressively, and without merit. The City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody has not made the Plaintiff feel empowered. The City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody has made the Plaintiff feel like the government has no integrity about ascertaining the truth, in breach of Canons 1, 2, and 3 of the Maine Code of Judicial Conduct.

36. Normally, Judge Patricia Worth is entitled to absolute immunity. However, Plaintiff argues that the unconstitutional conduct of Judge Patricia Worth may be a crime against the Plaintiff and Theodore Berry under MRSA Title 17 § 2931; MRSA Title 17-A § 608 (official oppression); and Title 18 USC § 242 under U.S. Sentencing Guidelines Manual § 3A1.3, which falls under the non-judicial acts exception of 11th Amendment immunity due to potential criminal activity in breach of constitutional law as well as the equitable/injunctive relief exception of the 11th Amendment of the U.S. Constitution. Plaintiff wishes for this court to remember the constitutional sins and incarceration of former Judge David W. Lanier for non-judicial acts.

37. Plaintiff alleges that the following citizens charged with domestic violence assault had their charge dismissed, including, but not limited to the following:

1) Plaintiff alleges that Danielle R. Lataille, 46, of Cushing, had a charge of domestic violence assault dismissed.

2) Ernest Dustin, 51, of Warren, Maine had a charge of domestic violence assault dismissed.

3) Samuel McKenna, 20, of Belfast, Maine had a charge of domestic violence assault dismissed.

4) Robert L. Carlson III, 27, of Owls Head had a charge of domestic violence assault dismissed.

5) Brian Thomas Rockett, 59, of Owls Head, had a charge of criminal mischief dismissed as well as had a charge of domestic violence assault dismissed.

6) Terry Colson, 35, of Palermo, had a charge of domestic violence assault dismissed.

7) Hugo Ricardo Aviles, 42, of South Hampton, N.Y., had a charge of domestic violence assault dismissed in Maine.

8) Joshua T. Bennett, 28, of Union, Maine had a charge of domestic violence assault dismissed.

9) At or about 2014 at the Belfast District Court, James P. Clements, 29, of Monroe, had a charge of criminal mischief in Monroe dismissed as well as a charge of domestic violence assault Feb. 24, 2014 dismissed.

10) At or about 2015 at the Belfast District Court, David A. Walker, 40, of Knox, had a charge of obstructing the report of a crime in Knox from Feb. 16, 2014 dismissed as well as had a charge of domestic violence assault in Knox from Feb. 16, 2014 dismissed.

11) At or about 2015 at the Belfast District Court, Joseph W. Tripp, 23, of Frankfort, Maine had a charge of domestic violence assault in Monroe dismissed.

12) Mary Norwood, 43, of Waldo, had a charge of domestic violence assault in Belfast dismissed as well as a charge of violating conditions of release in Belfast dismissed.

13) At or about 2014 at the Knox County courthouse, Bruce C. Reinemann, 49, of Union, Maine had a charge of domestic violence assault dismissed.

14) During 2015 at the Knox County courthouse, Thomas W. Shaggy, 54, of Washington, Maine had a charge of domestic violence assault dismissed.

15) During 2015 at the Knox County courthouse, Nicole D. Rogers, 21, of Rockland had a charge of domestic violence assault, dismissed.

16) At or about 2014 at the Knox County Superior Court, Justin Ireland, 33, of Warren, Maine has a charge of domestic violence assault in Warren dismissed.

17) In 2015 in the Knox County Superior Court, Jessica Kelley, 25, of Rockland, Maine had a charge of domestic violence conduct dismissed; has a charge of aggravated assault dismissed, and had a charge of domestic violence assault dismissed.

38. Plaintiff alleges that the following citizens had charges of violating conditions of release dismissed, including, but not limited to:

1) Stephen E. Boyle, 44, of Northport; violating condition of release in Lincolnville, dismissed.

2) Mary Norwood, 43, of Waldo, domestic violence assault in Belfast, dismissed; violating conditions of release in Belfast, dismissed.

3) Jordan A. Young, 22, of Belfast, violating condition of release in Belfast, dismissed.

4) At or about 2014, Christopher W. Cunningham, 28, of Belfast, violating condition of release in Belfast, dismissed.

5) Kenneth E. Grant, 50, of Searsport, violating condition of release in Swanville, dismissed.

6) Elizabeth A. Brown, 25, of Searsport, unlawful possession of oxycodone in Belfast during 2013, dismissed; violating condition of release in Belfast during 2013, dismissed. 2015

7) David K. LaFlamme, 46, of North Anson, violating condition of release in Monroe May 5, dismissed.

39. Plaintiff alleges that the following citizens had charges of violating conditions of release with a punishment of 48 hours in jail or a fine, including, but not limited to:

1) Shawn D. Connors, 23, of Searsport, violating condition of release in Searsport, 48 hours in jail;

2) Samuel P. Cook, 31, of Belfast, violating condition of release in Belfast, 48 hours in jail;

3) Maranda L. McCafferty, 32, of Brooks, violating condition of release in Monroe, 48 hours in jail;

4) Jesse Rideout, 31, of Belfast, violating condition of release in Belfast, 48 hours in jail;

5) Broch Bissonette, 33, of Leeds, violating conditions of release in Northport, 48 hours in jail; and

  6) Elizabeth M. Kilby, 28, of Belfast, violating condition of release in Belfast April 23, $500 fine.

40. Plaintiff claims that the defendant Geoffrey A. Rushlau has illegally prosecuted citizens without probable cause for the charge of failure to give a correct name. Plaintiff argues

  1) Brian W. Harding, 25, of Bar Harbor; failure to give correct name, DOB or address in Searsport, dismissed;

  2) Joshua Alan Kaufman, 26, of Thorndike, failure to give correct name, address or date-of-birth in Thorndike, dismissed;

  3) Jesse Grinnell, 24, of Lincolnville, failure to give correct name, address or date of birth in Northport, dismissed; and

  4) Joseph M. Reynolds, 26, of Biddeford, failure to give correct name, address or date of birth in Unity, dismissed.

41. Plaintiff alleges that in recent years Geoffrey A. Rushlau has not requested jail time for any citizen charged with the crime of false public report of alarm. In 2015, Plaintiff alleges that the Defendant Geoffrey A. Rushlau fined Emily Mills, 35, of Camden, a fine of $250 for committing the offense of false public report of alarm. At or about 2013 at the Knox County courthouse, Ryan A. Hopkins, 22, of Union, Maine was fined $250 for false public alarm report in Union. At or about 2014 at the Belfast District Court, Barry A. Bryant, 39, of Belfast, Maine was fined $500 for the charge of false public alarm or threat in Brooks, Maine. In the Belfast District Court at or about 2014, Jason Huff, 39, of Unity, Maine was fined $300 for the charge of false public alarm or report in Unity. At or about 2012 at the Knox County courthouse, Christopher William Bibeau, 32, of Camden, Maine was fined $250 for the charge of false public alarm or report in Camden.

42. Due to the constitutional and other legal transgressions committed by the four Defendants, the Plaintiff, Cassandra Arielle Plummer, respectfully seeks relief as described in this complaint because the Plaintiff is outraged that the City of Rockland, Geoffrey A. Rushlau, Judge Patricia Worth, and Jeffrey Baroody have wrongfully portrayed the Plaintiff in a false light by falsely stating that the Plaintiff is a victim of domestic violence against Theodore Berry where Plaintiff claims that Plaintiff has never been the victim of domestic violence against Theodore Berry.

  CLAIMS FOR RELIEF IN ACCORDANCE WITH F.R.Civ.P. RULES 8(a) and 8(d)

Count 1: Freedom to Assemble Peacefully

43. The Plaintiff makes an as applied § 1983 claim for violation of the right to assemble peacefully under the 1st Amendment as applicable through the due process clause of the 14th Amendment and Article VI § 2 of the U.S. Constitution and Article 1 §§ 3 and 15 of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the right to peacefully assemble with Theodore Berry, including, but not limited to social, civic, public, private, and religious events, including, but not limited to attending religious church proceedings and peacefully driving in Plaintiff's car with Theodore Berry. The right to assemble peacefully has been clearly established since at least by 1976.

Count 2: Freedom of Speech and Expression

44. The Plaintiff makes an as applied § 1983 claim for a violation of the 1st Amendment freedom of speech and expression as applicable through the 14th Amendment and Article VI § 2 of the U.S. Constitution and Article 1 §§ 4 and 24 of the Constitution of the State where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the right to verbally speak and have conversations with Theodore Berry as well as the right to write an addendum without Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland wrongfully discounting and ignoring the addendum.

Counts 3 and 4: Unlawful Gender, Race, Ethnicity, Color, Political, and Socio-economic Discrimination/Unlawful Gender Segregation/Selective Prosecution

45. The Plaintiff makes an as applied § 1983 claim for unlawful gender, race, ethnicity, political, and socio-economic status discrimination in violation of the equal protection clauses of the 14th Amendment through Article VI § 2 of the U.S. Constitution and Article 1 § 6-A of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the right to have contact with Theodore Berry based on the race, ethnicity, socio-economic status, and gender of the Plaintiff and Theodore

Berry, which has resulted in selective prosecution.

46. Plaintiff questions whether DA Geoffrey A. Rushlau also provided preferential treatment to Mary Norwood, 43, of Waldo based on gender by dismissing Mary Norwood's charge of domestic violence assault and violating conditions of release.

47. Plaintiff questions whether DA Geoffrey A. Rushlau also provided preferential treatment to Jessica Kelley, 25, of Rockland based on gender by dismissing Jessica Kelley's charge of domestic violence assault.

48. Plaintiff questions whether the City of Rockland and DA Geoffrey A. Rushlau also provided preferential treatment to Nicole D. Rogers, 21, of Rockland based on gender by dismissing Nicole D. Roger's charge of domestic violence assault.

49. Plaintiff questions why jail was not requested by DA Geoffrey A. Rushlau against Elizabeth M. Kilby, 28, of Belfast, for her charge of violating condition of release in Belfast. Plaintiff claims that Elizabeth M. Kilby, 28, of Belfast, was unlawfully given preferential treatment based on her gender.

50. Did DA Geoffrey A. Rushlau provide preferential treatment to Elizabeth A. Brown, 25, of Searsport based on her gender?

Count 5: Denial of Right to Invite Guests at Plaintiff's Workplace, Place of Residence, and Place of Education as an Unreasonable Seizure

51. The Plaintiff makes an as applied § 1983 claim for an unreasonable seizure in violation of the 4th Amendment right to be free from unreasonable seizures of a workplace, residence, and place of education as applicable through the 14th Amendment and Article VI § 2 of the U.S. Constitution and Article 1 §§ 5 and 24 of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the right of the Plaintiff to invite Theodore Berry to the Plaintiff's place of work, place of residence, and place of education.

Count 6: Invasion of Privacy by Intrusion and Wrongful Disclosure under the Constitutional Rights to Privacy and Human Dignity

52. The Plaintiff makes an as applied § 1983 claim for an invasion of privacy by intrusion and wrongful disclosure in violation of the 9th Amendment rights to privacy and human dignity

as applicable through the 14th Amendment and Article VI § 2 of the U.S. Constitution and Article 1 §§ 5 and 24 of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the rights of the Plaintiff to privacy and human dignity on June 3, 2015 concerning the alleged sexual activities of the Plaintiff, if any, as well as the rights of privacy and human dignity to be free from unlawful dissemination of investigative information to the Bangor Daily News regarding the May 10, 2015 investigation of Theodore Berry. Please see MRSA Title 16 §§ 801-809.

Count 7: Invasion of Privacy by False Light under the Constitutional Rights to Privacy and Human Dignity

53.     The Plaintiff makes an as applied § 1983 claim for an invasion of privacy by false light in violation of the 9th Amendment rights to privacy and human dignity as applicable through the 14th Amendment and Article VI § 2 of the U.S. Constitution and Article 1 §§ 5 and 24 of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the rights of the Plaintiff to privacy and human dignity by offensively, oppressively, and falsely labeling the Plaintiff as a victim of domestic violence against Theodore Berry where Plaintiff claims that Plaintiff has never been the victim of domestic violence assault against Theodore Berry.

Count 8: Substantive Due Process Violation

54.     The Plaintiff makes an as applied § 1983 claim for a deprivation of substantive due process in violation of the 5th and 14th Amendments through Article VI § 2 of the U.S. Constitution and Article 1 §§ 6-A and 24 of the Constitution of the State of Maine where Plaintiff claims that the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each deprived the Plaintiff of the free exercise and enjoyment of the rights of the Plaintiff to privacy and human dignity by offensively, oppressively, and falsely labeling the Plaintiff as a victim of domestic violence against Theodore Berry which shocks the conscience where Plaintiff claims that Plaintiff has never been the victim of domestic violence assault against Theodore Berry.

Count 9: Procedural Due Process Violation

55. The Plaintiff makes an as applied § 1983 claim for a deprivation of procedural due process in violation of the 5th and 14th Amendments through Article VI § 2 of the U.S. Constitution and Article 1 §§ 6-A and 24 of the Constitution of the State of Maine where Plaintiff claims that the Defendants Jeffrey Baroody, Geoffrey A. Rushlau, and Judge Patricia Worth have each deprived the Plaintiff of the free exercise and enjoyment of the rights of the Plaintiff to operate a motor vehicle free from an illegal motor vehicle stop in Belfast for the mere purpose of checking the Plaintiff's driver's license where Plaintiff claims that the Defendants Jeffrey Baroody, Geoffrey A. Rushlau, and Judge Patricia Worth are entertaining and using evidence that are fruits of the poisonous tree to criminally prosecute Theodore Berry that arose only by violating the procedural due process rights of the Plaintiff.

Count 10: Excessive Bail

56. Under the doctrine of constitutional *jus tertii*, the Plaintiff makes an as applied § 1983 claim for a deprivation of the right to be free from excessive bail in violation of the 8th Amendment as applicable through the due process clause of the 14th Amendment through Article VI § 2 of the U.S. Constitution and Article 1 §§ 5, 9, and 24 of the Constitution of the State of Maine where Plaintiff claims that the Defendants Jeffrey Baroody, Geoffrey A. Rushlau, and Judge Patricia Worth have each deprived the Plaintiff of the free exercise and enjoyment of contacting Theodore Berry as well as where each State of Maine additional bail condition of Theodore Berry concerning the Plaintiff constitutes frivolous and excessive bail.

Count 11: Title 42 U.S.C. § 1985(3)

57. Plaintiff claims, in violation of Title 42 U.S.C. § 1985(3), that the four defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland have each conspired to interfere and deprive both Theodore Berry and the Plaintiff of their civil rights on the basis of a number of discriminatory motives and as applied discriminatory intentions including based on the race, ethnicity, gender, religion, socio-economic status, and political views of Theodore Berry and based on the socio-economic status, race, ethnicity, and gender of the Plaintiff where the four Defendants have each unfairly favored the Plaintiff and given the Plaintiff preferential treatment at the legal detriment of Theodore Berry who is an innocent man where the Plaintiff

claims that the Plaintiff has never been the victim of domestic violence against Theodore Berry.

Count 12: Enforcement of Plaintiff's § 1981 Contractual Civil Rights:

58. Under the doctrine of constitutional *jus tertii*, the Plaintiff makes a swift claim under Title 42 USC § 1981 of the Civil Rights Act of 1991 against the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland to immediately, preliminarily, and permanently remove all State of Maine additional bail conditions concerning Cassandra Arielle Plummer from any of Theodore Berry's bail contracts based on all constitutional and civil rights that the Plaintiff has made efforts to enforce before this court today. The additional bail conditions are conditions of adhesion, unconscionable, commercially impracticable, quantum meruit, and lack sufficient contractual consideration.

Count 13, 14, & 15: Maine Antitrust Act, Sherman Antitrust Act, and Commerce Clause

59. Plaintiff claims against the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and the City of Rockland that the State of Maine's additional bail conditions prohibiting the entry of Theodore Berry into the Good Tern Co-op workplace of the Plaintiff and place of education of the Plaintiff constitutes engaging in a pre-conviction bail contract of adhesion in restraint of part of trade or commerce, which must be deemed null and void because it is an antitrust violation of MRSA Title 10 §§ 1101 & 1104 of the Maine Antitrust Act and the Sherman Antitrust Act under Title 15 U.S.C. §§ 1 & 15 and the Commerce Clause of the U.S. Constitution. Plaintiff claims that a substantial amount of the food sold at Good Tern travels through interstate commerce.

Count 16: Declaratory Judgment under Title 28 U.S.C. § 2201

60. Plaintiff claims that Plaintiff is entitled to a declaratory judgment against the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland as described in this complaint, including, but not limited to that the Court please issue a Declaratory Judgment against each of the four Defendants stating that the Plaintiff, Cassandra Arielle Plummer, has never been the victim of domestic violence assault against Theodore Berry and that the Court issue a Declaratory Judgment against each of the four Defendants that each of the State of Maine's additional bail conditions of Theodore Berry concerning the Plaintiff are illegal and unconstitutional.

Count 17: Further Declaratory Relief under Title 28 U.S.C. § 2202

61.     Plaintiff claims that Plaintiff is entitled to further declaratory relief against the four Defendants Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland as described in this complaint, including, but not limited to that the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, has the procedural due process right to be free from illegal motor vehicle stops that are conducted by police of Maine cities and towns, including the City of Rockland, for the mere purpose of checking a driver's license to operate a motor vehicle.

62. WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants in both their official and individual capacities in accordance with F.R. Civ.P. Rule 8(a)(3) as follows:

63. a. That the four Defendants, Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland be ordered during the pendency of this action, preliminarily, and permanently to immediately remove all State of Maine additional bail conditions concerning Cassandra Arielle Plummer from any of Theodore Berry's bail contracts based on all constitutional and civil rights that the Plaintiff has made efforts to enforce before this court today where the Plaintiff has never been the victim of domestic violence against Theodore Berry.
.
64. b. That the four Defendants, Jeffrey Baroody, Geoffrey A. Rushlau, Judge Patricia Worth, and City of Rockland be ordered during the pendency of this action, preliminarily, and permanently from committing further infringements of Plaintiff's civil rights in any manner, including, but not limited to, having the Plaintiff being illegally stopped in her motor vehicle in violation of her procedural due process rights under *Delaware v. Prouse*, 440 U.S. 648 (1979).

65. c. That the Court please issue a Declaratory Judgment against each of the four Defendants stating that the Plaintiff, Cassandra Arielle Plummer, has never been the victim of domestic violence assault against Theodore Berry.

66. d. That the Court issue a Declaratory Judgment against each of the four Defendants that each of the State of Maine's additional bail conditions of Theodore Berry concerning the Plaintiff are illegal and unconstitutional.

67. e. That the Court issue a Declaratory Judgment against each of the four Defendants that the State of Maine's additional bail conditions of Theodore Berry concerning the Plaintiff that prohibits Theodore Berry to enter into any place of employment of the Plaintiff at the Good Tern Co-op and any place of education is illegal where these conditions violate state and federal antitrust laws as contractual conditions made in restraint of part of commerce or trade.

68. f. That the Court issue a Declaratory Judgment against each of the four Defendants that the State of Maine's additional bail condition of Theodore Berry concerning the Plaintiff that prohibits Theodore Berry to enter into any place of residence of the Plaintiff is unconstitutional as an unreasonable seizure of the free exercise and enjoyment of the Plaintiff's constitutional

rights under the 4th Amendment and Article 1 § 5 of the Constitution of the State of Maine.

69. g. That the Court issue a Declaratory Judgment against each of the four Defendants that the State of Maine's additional bail condition of Theodore Berry concerning the Plaintiff that prohibits Theodore Berry to enter into any place of education of the Plaintiff is illegal where it violates the Plaintiff's freedom of speech and expression to speak to Theodore Berry.

70. h. That the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, is entitled to a monetary reduction or financial waiver of security as applied to this case in pursuant of a preliminary civil rights injunction where the Plaintiff has requested such injunctive relief based on constitutional, civil rights, and other legal grounds.

71. i. That the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, has never been the victim of disorderly conduct, assault, or aggravated assault against Theodore Berry.

72. j. That the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, has the 9th Amendment rights to privacy and to be treated with human dignity by the City of Rockland, Jeffrey Baroody, Geoffrey A. Rushlau, and Judge Patricia Worth, which includes, but is not limited to, being free from being portrayed in a false light.

73. k. That the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, has the procedural due process right to be free from illegal motor vehicle stops that are conducted by police of Maine cities and towns, including the City of Rockland, for the mere purpose of checking a driver's license to operate a motor vehicle.

74. l. That the Court issue a Declaratory Judgment that Judge Patricia Worth lacked subject matter jurisdiction to dismiss Theodore Berry's June 3, 2015 motion to amend additional bail conditions regarding the Plaintiff where Judge Worth lacked subject matter jurisdiction to review violations of state and federal antitrust law.

75. m. That the Court issue a Declaratory Judgment against each of the four Defendants that the Plaintiff, Cassandra Arielle Plummer, has the 1st Amendment freedom to assemble peacefully, the 1st Amendment freedom of speech, including, but not limited to, verbal and symbolic speech,

76. n. That the Court grant an order placing the Plaintiff in the position that she would have been in had there been no violation of rights or laws;

77. o. That Defendants be required to pay to the Plaintiffs such compensatory, consequential, and constitutional damages as the Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's exercise and enjoyment of constitutional and civil rights, including, but not limited to, the freedom to assemble peacefully, the freedom of speech, the right to be free from unreasonable seizures, denial of substantive and procedural due process, the right to be free from unlawful discrimination, and the right to be free from invasions of privacy.

78. p. That Defendants be required to pay punitive/exemplary damages to the Plaintiffs in whatever amount, exclusive costs and interest, that the Plaintiffs are found to be entitled;

79. q. That Defendants pay the Plaintiff all of the fees and costs associated with this action, including, but not limited to the $400 filing fee (which includes the $50 administrative fees), service fees, certified mailing fees, printing fees, photocopying fees, and service of process fees.

80. r. That Defendants pay the Plaintiff any reasonable civil rights attorney fees under Title 42 USC § 1988 and M.R.S.A. Title 5 § 4683 (2015) only if Plaintiff can obtain counsel.

81. s. For such other and further relief as the court may deem just and proper, including, but not limited to equitable relief since equitable relief is not barred by the 11th Amendment in the official or individual capacities of government employees and the unconstitutional conduct of Judge Patricia Worth may fall under the non-judicial acts exception of the 11th Amendment of the United States Constitution.

Respectfully submitted,

Cassandra Arielle Plummer, Plaintiff pro se
24 James Street, Rockland, ME 04841
Phone Number: (207)390-1343

Dated at Rockland, Maine this 30th day of September 2015.

Address: U.S. District Court, District of Maine; Edward T. Gignoux; U.S. Courthouse; 156 Federal Street; Portland, ME 04101. Phone: 207-780-3356

Certificate of Service

Plaintiff certifies that on this date, 30 September 2015 that this Complaint for Declaratory Judgment and Violation of Civil Rights have been sent to Jeffrey Baroody, Geoffrey A. Rushlau, and Judge Patricia Worth, 62 Union Street, Rockland, ME 04841.

Plaintiff certifies that on this date, 30 September 2015 that this Complaint for Declaratory Judgment and Violation of Civil Rights have been sent to City of Rockland, Attn: City Attorney Kevin Beal, 270 Pleasant St, Rockland, ME 04841.